## POLLAK STEEL CO. v TAX COMMISSION et

Ohio Appeals, 1st Dist, Hamilton Co

No 6064. Decided Feb 2, 1942

Leonard H. Freiberg, Cincinnati, for appellee.

Thomas J. Herbert, Columbus; Perry Graham, Cincinnati, and A. A. Wendt, Akron, for appellant, Tax Commission of Ohio.

**532**

## OPINION

**By ROSS, J.**

This is an appeal from the Court of Common Pleas of Hamilton County, wherein that court rendered a judgment, adjoining the assessment of a penalty imposed by the Tax Commission of Ohio upon the appellee, The Pollak Steel Company, an Ohio corporation, for violation of the provisions of §5392-1 GC. This section reads as follows:

"If any corporation incorporated under the laws of this state or authorized to do business in this state declares a nominal dividend for the purpose of enabling its shareholders resident in this state to return its shares as productive investments, the commission, upon finding such to be the fact, shall assess against such corporation a penalty equal to a tax of two mills on the dollar of the true value in money of its shares of stock owned by shareholders resident in this state. Such penalty shall be collected and distributed in the same manner as taxes levied by §5638-1 GC."

Now it is to be noticed that the relation of the appelle to the state is not that of a taxpayer, nor is the penalty imposed for failure to make a return, nor is it an increase in return required by the tax commission.

The statute is purely penal in character and its provisions are designed to enforce full return of taxable property by the taxpayer.

**Sec. 12223-22 GC,** provides:

"Appeals on questions of law and fact may be taken:

(1) From any court, tribunal, commission, or officer to any court of record as may be provided by law.

\* \* \* \* \* "

It becomes necessary then to determine at the outset whether there is any provision of law permitting an appeal from the judgment of the tax commission. If the Common Pleas Court did not have jurisdiction of the subject-matter of the proceeding before it—an appeal on law and fact from the conclusion of the tax commission— the consent of the parties could not confer such jurisdiction. **11 O. Jur. 671.** See annotations.

This appeal to the Court of Common Pleas from the order of the tax commission is claimed to have been under the provisions of §§5394 and 5395 GC. These sections apply to decisions of the commission against taxpayers. Neither §5392-1 GC, the sections mentioned, nor any other sections of the statutes of Ohio provide for an appeal, either to or from the tax commission of Ohio from the order of assessment provided for in §5392-1 GC.

There was, therefore, no basis in statute law either for the appeal in the instant proceeding either to or from the Tax Commission of Ohio. Such being the case the Court of Common Pleas had no jurisdiction to consider the matter presented to it, and its judgment is null and void.

It is asserted by both the parties that the appeal may be considered under the general jurisdiction of the Court of Common Pleas as a bill in equity to enjoin the allegedly voidable action of the Commission in making the assessment.

An examination of the original papers shows that the appellee filed the following document in the Court of Common Pleas of Hamilton County:

"COURT OF COMMON PLEAS,
HAMILTON COUNTY, OHIO.

THE POLLAK STEEL CO.,
A corporation of Ohio,
Appellant,
vs.
THE TAX COMMISSION OF OHIO,
and GEORGE GUCKENBERGER,
Auditor of Hamilton County, Ohio,
Appellee.

A 61569
NOTICE OF APPEAL

The Appellant, The Pollak Steel Company, a Corporation of Cincinnati, Ohio, hereby gives notice of appeal to The Court of Common Pleas of Hamilton County, Ohio, from the determination of its liability by The Tax Commission of Ohio, Appellee, certified by notice by registered mail, from said Appellee to Appellant and received by the latter on March 11, 1938. Said Tax Commission determined, on appeal to it, that The Pollak Steel Co. should be assessed $1988.50 for the year 1934 under the provisions of §5392-1 GC. Said assessment was made July 26, 1937, on form 905-F of said Tax Commission. THE POLLAK STEEL CO., Appellant
By FREIBERG & EVANS,
Their Attorneys.

WAIVER OF SUMMONS AND ENTRY OF APPEARANCE OF APPELLEE.

The Tax Commission of Ohio, Appellee herein, and George Guckenberger, auditor of Hamilton County, Ohio, hereby waive issuance and service of summons on them, and enter their appearance in the above entitled cause.
THE TAX COMMISSION OF OHIO
By FRANK MILLER,
Chairman
GEO. E. EDGE,
Secretary
GEORGE GUCKENBERGER,
Auditor of Hamilton
County, Ohio."

To assert that this unverified instrument can be considered as a bill in equity or any basis for the institution of a civil action would be extending liberality of pleading beyond all limits of logic or sense.

Sec. 11237 GC, provides:

"An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense."

Sec. 11279 GC, provides:

"A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon."

Sec. 11302 GC, provides:

"The forms of pleading in civil actions in courts of record, and the rules by which their sufficiency shall be determined, are those prescribed in this chapter, except as otherwise specially provided."

Sec. 11305 GC, provides:

"The first pleading shall be the petition by the plaintiff, which must contain:
1. A statement of facts constituting a cause of action in ordinary and concise language;
2. A demand for the relief to which the plaintiff claims to be entitled. If the recovery of money is demanded, the amount shall be stated; and if interest is claimed, the time for which interest is to be computed shall be stated."

It is obvious that the appeal filed by the appellee in the Court of Common Pleas was not designed or intended to initiate an action in equity, nor could it possibly conform to any of the requirements noted necessary to institute a civil action either in law or equity. It was addressed also to the

appellate jurisdiction of the Court of Common Pleas not to its original jurisdiction.

For these reasons, it is apparent the Court of Common Pleas had no jurisdiction over the subject-matter of the proceeding before it—to-wit, an appeal from the Tax Commission of Ohio, that, therefore, its judgment was void.

The judgment of the Court of Common Pleas is, therefore, reversed and the cause remanded to that court with orders to dismiss the proceeding before it and to strike the appeal from its files.

MATTHEWS, PJ. concurs.

HAMILTON, J., Dissenting: I am of the opinion that the appeal was proper and that the case should be considered on the merits.